**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**DAVID G. PFLUM (01)**

      **Defendant.**

**Case No. 14-40062-01-DDC**

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] defendant David G. Pflum's "Motion to Dismiss With Prejudice for Lack of *in personam* And Subject Matter Jurisdiction." Doc. 133. The government has responded to the motion. Doc. 138. For reasons explained below, the court denies Mr. Pflum's motion.

The government has charged Mr. Pflum in a two-count First Superseding Indictment. Doc. 100. Count One charges Mr. Pflum with violating 26 U.S.C. § 7201, for attempting to evade and defeat the payment of income tax. Count Two charges Mr. Pflum with violating 26 U.S.C. § 7212(a), for corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws.

Mr. Pflum's motion asserts that the court must dismiss the charges against him because it lacks personal and subject matter jurisdiction.[2] Mr. Pflum advances two arguments to support

---

[1] During a hearing on November 21, 2016, the court granted Mr. Pflum's request that he proceed pro se in this case. Doc. 131. The court determined that Mr. Pflum knowingly and voluntarily had waived his right to counsel and thus permitted him to represent himself at the trial of this case with attorney Robin D. Fowler serving as standby counsel. *Id.*

[2] Because Mr. Pflum proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

his jurisdictional challenge.  Each one lacks merit.

First, Mr. Pflum contends that the Assistant United States Attorney prosecuting this case has "missing and defective credentials."  Doc. 133 at 2.  The court does not understand what Mr. Pflum means when he challenges the prosecutors' "credentials."  Title 28 U.S.C. § 547(1) provides that the United States Attorney shall "prosecute . . . all offenses against the United States" within his or her district.  28 U.S.C. § 547(1).  Under 28 U.S.C. § 542(a), the Attorney General "may appoint one or more assistant United States attorneys in any district when the public interest so requires."  28 U.S.C. § 542(a).  Here, the Assistant United States Attorney asserts that she is duly appointed under 28 U.S.C. § 542(a), and duly sworn under 28 U.S.C. § 544, to execute her duties faithfully.

Mr. Pflum does not argue that the Assistant United States Attorney assigned to his case was not appointed by the United States Attorney.  Instead, he contends that the United States Attorney could not delegate authority because the Assistant United States Attorney lacks "the required credentials."  Doc. 133 at 2.  To the extent Mr. Pflum contends that the Assistant United States attorney is not admitted to practice in the District of Kansas, the docket belies that assertion.  The docket reflects the Assistant United States Attorney's assigned Kansas bar number and her "Active" status. Mr. Pflum thus fails to show that the Assistant United States Attorney lacks authority to prosecute this case.  *See Tyree v. United States*, 892 F.2d 958, 959 (10th Cir. 1989) (holding no constitutional violations occurred when defendant was prosecuted by an Assistant United States Attorney who "had been properly appointed to his post by the Attorney General of the United States pursuant to 28 U.S.C. § 542(a)"); *see also United States v. Donnell*, 557 F. App'x 335, 337 (5th Cir. 2014) (rejecting defendant's claim that the Assistant United States Attorney lacked authority to prosecute him as "unavailing" because he did not

argue that the attorney was not appointed by the United States Attorney or not admitted to practice in the district).  Mr. Pflum's argument on this point is baseless.

Second, Mr. Pflum asserts that he is a "Non-resident Non-person," and thus not subject to the jurisdiction of the United States Courts.  Doc. 133 at 5.  The Tenth Circuit specifically has rejected a litigant's attempt to declare "sovereign citizen" status to avoid jurisdiction of the federal courts.  *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. Aug. 15, 2011), *cert. denied* 132 S. Ct. 1147 (2012).  The Circuit explained that "an individual's belief that [his] status as a 'sovereign citizen' puts [him] beyond the jurisdiction of the courts 'has no conceivable validity in American law.'"  *Id.* (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).

Many other courts have reached the same conclusion.  *See*, *e.g.*, *United States v. Himmelreich*, 481 F. App'x 39, 40 n.2 (3d Cir. 2012) (describing a defendant's submissions as "contain[ing] the faint air of sovereign-citizen argumentation" and warning that "[t]o continue down that path would be unrewarding"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that the Seventh Circuit has "repeatedly rejected [defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk" and such arguments do not put an individual "beyond the jurisdiction of the courts"); *United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir. May 13, 1999) (unpublished table opinion) (rejecting defendant's challenge that the court lacked personal jurisdiction over him and concluding that defendant's "contentions are frivolous and the courts ordinarily reject similar contentions without extended argument" (citations omitted)); *United States v. Gilbertson*, 131 F.3d 144, 1997 WL 758756, at *1 (8th Cir. December 10, 1997) (unpublished table opinion) (rejecting "as completely meritless defendant's argument that the United States District Court lacked jurisdiction over his

3

prosecution for tax crimes"); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (describing an appeal challenging the government's jurisdiction over a "sovereign citizen" as "frivolous").

Similarly, here, Mr. Pflum's arguments based on his purported sovereign citizenship are frivolous. And, contrary to his assertion, the court has personal and subject matter jurisdiction over this matter. The Tenth Circuit flatly rejected Mr. Pflum's jurisdictional arguments in another case involving charges of federal income tax evasion under 26 U.S.C. § 7201. *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990). The Circuit explained:

> [Defendant's] motion to dismiss advanced the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories. [Defendant's] memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States." [Defendant] also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes, irrespective of where they are committed. Article I, section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant.

*Id.* (citations omitted).

The same analysis applies here. Article I, section 8 of the United States Constitution "empowers Congress to create, define and punish crimes, irrespective of where they are committed." *Collins*, 920 F.2d at 629. And, the Sixteenth Amendment to the United States Constitution authorizes Congress "to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI. Consistent with this authority, Congress enacted the statutes that the government charges Mr. Pflum violated—that is, 26 U.S.C. §§ 7201 and

4

7212(a).

Title 18 U.S.C. § 3231 explicitly vests federal district courts with original jurisdiction over "all offenses against the laws of the United States." And, Federal Rule of Criminal Procedure 18 provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." The government has charged Mr. Pflum with violations of federal law that he allegedly committed while he resided in St. Marys, Kansas. Doc. 100 ¶ 6. St. Marys, Kansas is within the District of Kansas. Thus, under 18 U.S.C. § 3231, this court has original jurisdiction over the action because Mr Pflum is charged with "offenses against the law of the United States" that allegedly occurred in the District of Kansas.

Mr. Pflum's Motion to Dismiss based on lack of jurisdiction is without merit. The court thus denies his motion.

**IT IS THEREFORE ORDERED THAT** defendant David G. Pflum's "Motion to Dismiss With Prejudice for Lack of *in personam* And Subject Matter Jurisdiction" (Doc. 133) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of December, 2016, at Topeka, Kansas.

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**