## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 14-40062-01-DDC |
| DAVID G. PFLUM (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] defendant David G. Pflum's "Notice of Motion and Motion to Stay Mandate and Proceedings Pending Declaration and Final Resolution of the State of Kansas' Declaratory and Injunction on Quiet Title, Citizenship/Domicile/Tax Status of Cross-Plaintiff in Kansas State Case No. 16-CV-76 and Pending Discovery of Documents Requested Under the FOIA and Final Resolution of Challenge to Constitutionality of Jury." Doc. 136. The government has responded to the motion. Doc. 142. For reasons explained below, the court denies Mr. Pflum's motion.

Mr. Pflum provides at least three reasons that, he contends, the court should stay prosecution of the criminal charges against him. First, he asks the court to stay the criminal case pending resolution of a civil case that he filed in Kansas state court on November 30, 2016. Mr. Pflum states that "the State of Kansas has priority to hear" the civil case before this criminal matter can proceed. Doc. 136 at 3. He cites no legal authority for this proposition. Contrary to Mr. Pflum's assertion, the court has discretion to decide whether to grant or deny a stay.

---

[1] During a hearing on November 21, 2016, the court granted Mr. Pflum's request to represent himself in this case. Doc. 131. The court determined that Mr. Pflum knowingly and voluntarily had waived his right to counsel and thus permitted him to defend himself at the trial of this case with attorney Robin D. Fowler serving as standby counsel. *Id.*

*Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).  To justify

a stay, Mr. Pflum "must show a clear case of hardship or inequity if even a fair possibility exists

that the stay would damage another party."  *Id.* (citations and internal quotation marks omitted).

Mr. Pflum fails to make the required showing here.  He does not state that he will sustain any

hardship or inequity if the government continues to prosecute this case.  The government filed

this case more than two years ago, and the court finds no reason to delay the proceedings any

further by imposing a stay while Mr. Pflum prosecutes the civil lawsuit that he filed only a few

weeks ago in Kansas state court.  The court thus denies Mr. Pflum's request for a stay on this

basis.

Second, Mr. Pflum asks the court to stay the case pending completion of a Freedom of

Information Act ("FOIA") request.  Mr. Pflum has submitted a FOIA request seeking certified

copies of implementing regulations for certain federal statutes.  Doc. 136-7.  But, the results of

Mr. Pflum's FOIA request are not germane to the conduct charged in this case.  Mr. Pflum made

a similar request earlier in this case.  He sought a continuance pending a FOIA request, and the

court denied that motion.  Docs. 69, 74.  The court again denies Mr. Pflum's request because his

pending FOIA request provides no basis to stay the case.

Third, Mr. Pflum asserts that the court must stay the case pending resolution of the

constitutionality of the Jury Selection and Service Act, 28 U.S.C. § 1861.  The Act provides:

> It is the policy of the United States that all litigants in Federal courts entitled to
> trial by jury shall have the right to grand and petit juries selected at random from a
> fair cross section of the community in the district or division wherein the court
> convenes.  It is further the policy of the United States that all citizens shall have
> the opportunity to be considered for service on grand and petit juries in the district
> courts of the United States, and shall have an obligation to serve as jurors when
> summoned for that purpose.

28 U.S.C. § 1861.  Mr. Pflum fails to explain why this Act purportedly is unconstitutional or how

his challenge provides a valid reason to impose a stay in this criminal case.  The court thus denies Mr. Pflum's request for a stay on this basis.

Finally, to the extent Mr. Pflum asserts that the court must stay the case based on his contention that he is a "Non-resident NON-person" (doc. 136 at 3), the court denies his request for the same reasons that it denied Mr. Pflum's Motion to Dismiss the Indictment.  Doc. 142.  As the court previously explained, many courts, including the Tenth Circuit, have rejected a litigant's attempt to declare "sovereign citizen" status as a means to avoid jurisdiction of the federal courts.  *Id.* at 3–4 (collecting cases).  Mr. Pflum's frivolous arguments based on his purported sovereign citizenship provide no reason to stay this case.

**IT IS THEREFORE ORDERED THAT** defendant David G. Pflum's "Notice of Motion and Motion to Stay Mandate and Proceedings Pending Declaration and Final Resolution of the State of Kansas' Declaratory and Injunction on Quiet Title, Citizenship/Domicile/Tax Status of Cross-Plaintiff in Kansas State Case No. 16-CV-76 and Pending Discovery of Documents Requested Under the FOIA and Final Resolution of Challenge to Constitutionality of Jury" (Doc. 136) is denied.

**IT IS SO ORDERED.**

**Dated this 29th day of December, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**