# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID G. PFLUM,

    Defendant.

Case No. 14-40062-01-DDC

## MEMORANDUM AND ORDER

The court sentenced defendant David G. Pflum on May 25, 2017. Doc. 73. Near the end of his sentencing hearing, Mr. Pflum, representing himself at the hearing, made an oral motion. It asked the court to place a location monitoring system on him. Because this motion made little sense – Mr. Pflum is in custody – the court elected to treat this motion as one seeking pretrial release under 18 U.S.C. § 3143(b) while he appeals his criminal convictions to the Tenth Circuit. The court denies Mr. Pflum's motion.

Section 3143 of Title 18 of the United States Code requires detention of a person "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>     (i)    reversal,
>
>     (ii)   an order for a new trial,
>
>     (iii)  a sentence that does not include a term of

>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) (emphasis added).

The court applies a two-step analysis to determine whether to release a defendant pending appeal under this statute. *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985). First, the court must determine that the appeal raises a "substantial" question of law or fact. *Id.* at 952. Second, the court must find that "if that substantial question is determined favorably to defendant on appeal, [then] that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)). The Tenth Circuit has described what constitutes a "substantial question" this way: "[O]ne of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Mr. Pflum does not meet at least one aspect of § 3143(b)'s requirements. The first subsection of the statute requires Mr. Pflum to demonstrate by clear and convincing evidence that he "is not likely to flee." 18 U.S.C. § 3143(b)(1)(A). Mr. Pflum has made no such showing. Indeed, the court's experience with Mr. Pflum suggests just the opposite. For the majority of the time that this case was pending against Mr. Pflum, he was on release. He appeared for most (but not all) court-related hearings and events. But on the day his trial was to begin, Mr. Pflum did not appear. Doc. 156. The court issued a bench warrant, Doc. 157, the United States Marshals Service apprehended Mr. Pflum, and the court revoked his pretrial release. Doc. 164. Specifically, the court found it "unlikely that defendant would abide by any added condition or

combination of conditions of release that would reasonably assure defendant's appearance as required." *Id*. Given this series of events and the court's earlier findings, it cannot conclude that he "is not likely to flee" now that he has been convicted on two felony charges. This alone requires the court to deny his motion for release. But there is more.

The second subsection of the statute requires Mr. Pflum to establish that his appeal "raises a substantial question of law or fact likely" to produce a reversal, a new trial, a sentence with no custody component, or a custody sentence likely shorter than the anticipated life of the appeal. 18 U.S.C. § 3143(b)(1)(B). Now that Mr. Pflum is representing himself, it is difficult to predict the arguments that he might make on appeal. But the post-trial arguments mustered by his former counsel – an accomplished criminal lawyer with significant trial experience – presented no such questions. *See* Doc. 182. Mr. Pflum's pro se post-trial filings have produced far less. *See*, *e.g.*, Doc. 188 (rehashing the oft rejected "missing credentials" and racketeering arguments), Doc. 189 (claiming "American National" status and thus immunity from federal income taxes "per 8 U.S.C. §§ 1101(a)(21) and 1452"), and Doc. 196 (arguing for release and dismissal of indictment because government had "defaulted in responding to the mandatory notice of Docket #188 per FREV 201(c)(2) (mandatory judicial notice)"). These arguments, among many, many others, raise no "substantial question" of the kind required by § 3143(b), and the court finds no reason to conclude that Mr. Pflum is likely to succeed on appeal.[1]

The court holds that Mr. Pflum is not entitled to release pending appeal under 18 U.S.C. § 3143(b). The court denies his oral motion.

---

[1] Section 1101(a)(21) of Title 8 merely defines the term "national" as "a person owing permanent allegiance to a state." *Id*. Section 1452 describes the processes a person may use to apply to the Attorney General for a certificate of citizenship (subsection (a)) and a certificate of non-citizen national status (subsection (b)). Mr. Pflum repeatedly has invoked these provisions, claiming somehow that they insulate him from federal tax liability. The court has searched for authority of any kind addressing his reliance on these provisions. It has found none, and Mr. Pflum never has cited any. The court views these theorems as just the latest iteration of the sovereign citizen theories that federal courts uniformly have rejected. *See*, *e.g.*, *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant David G. Pflum's oral notion for release pending appeal is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of May, 2017, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
