IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

DAVID G. PFLUM (01),

   Defendant.

Case No. 14-40062-01-DDC

**MEMORANDUM AND ORDER**

   This matter comes before the court on defendant David G. Pflum's Motion for Order (Doc. 229) filed June 2018. Mr. Pflum submitted a pro se letter seeking relief from the court, and thus, the Clerk docketed his letter as a motion. The government filed a Response in Opposition (Doc. 231). For reasons explained below, the court denies Mr. Pflum's motion.

 **I.** **Background**

   In June 2014, a grand jury Indictment charged Mr. Pflum with (1) Attempting to Evade and Defeat the Payment of Tax; and (2) Corruptly Endeavoring to Obstruct or Impede the Due Administration of the Internal Revenue Laws. Doc. 1. A grand jury returned a First Superseding Indictment in May 2016 against Mr. Pflum for the same offenses during additional tax years. Doc. 100. In January 2017, the case went to trial, and a jury returned guilty verdicts against Mr. Pflum on both counts charged. Doc. 179. The court sentenced Mr. Pflum to 5 years' imprisonment and ordered him to pay more than $8 million in restitution. Doc. 217. The Tenth Circuit affirmed the district court's judgment on appeal and denied all pending motions as moot. Doc. 228. In June 2018, the court received a letter from Mr. Pflum requesting contact information—including mailing address, e-mail address, and phone number—for all jury

members from Mr. Pflum's trial. Doc. 229. The letter asked the Clerk of the Court to mail this information to Mr. Pflum's home address in St. Marys, Kansas.

**II.     Legal Standard**

D. Kan. Rule 47.1 governs communications with jurors after trial. The local rule provides:

>    (a) **Court Order Required**. No one—including the parties, their attorneys, or the agents or employees of either—is permitted to examine or interview any juror, either orally or in writing, except:
>
>        (1) by order of the court in its discretion; and
>
>        (2) under such terms and conditions as the court establishes.
>
>    (b) **Restrictions on Interviews**. If the court permits examination or interviews of jurors, the following restrictions apply, in addition to any other restrictions the court imposes:
>
>    . . .
>
>        (3) If a juror agrees to an interview, he or she must not disclose any information with respect to:
>
>            (A) the specific vote of any juror other than the juror being interviewed; or
>
>            (B) the deliberations of the jury.

Also, Federal Rule of Evidence 606(b) provides:

>        (1) **Prohibited Testimony or Other Evidence**. During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
>        (2) **Exceptions**. A juror may testify about whether:
>
>            (A) extraneous prejudicial information was improperly brought to the jury's attention;

2

(B) an outside influence was improperly brought to bear on any juror; or

(C) a mistake was made in entering the verdict on the verdict form.

Courts have relied upon the policy considerations of D. Kan. Rule 47.1 and Fed. R. Evid. 606(b). They include protecting jurors against harassment and preserving the finality of judgments, balanced against the consideration that verdicts are based on accuracy and fairness. *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1012 (10th Cir. 1993). *See also Pratt v. Petelin*, No. 09-2252-GLR, 2011 WL 13233186, at *1–2 (D. Kan. Apr. 29, 2011); *Kinser v. Gehl Co.*, No. 96-2361-EEO, 1998 WL 171271, at *1 (D. Kan. Mar. 18, 1998); *United States v. Dunn*, 961 F. Supp. 249, 250–251 (D. Kan. 1997). Courts enjoy wide discretion when evaluating a motion to interview jurors and, absent an extreme situation, are disfavored. *Sutton v. Sw. Forest Indus., Inc.*, 643 F. Supp. 662, 663 (D. Kan. 1986).

### III. Analysis

Mr. Pflum's letter does not assert any reason for Mr. Pflum to contact the jurors who served during his trial. The opportunity for a party's inquiry is reserved for instances when a jury may have been exposed to (A) extraneous prejudicial information, (B) improper outside influence, or (C) a mistake was made in entering the verdict on the verdict form. *See* Fed. R. Evid. 606(b). Mr. Pflum neither alleges nor provides any evidence that any of these circumstances have occurred. Also, Mr. Pflum's unsubstantiated request fails to articulate any compelling circumstance that permits communication with jurors. Mr. Pflum's case has run its course and the Circuit has affirmed his conviction. The court denies his request.

## IV. Conclusion

The court finds no reason to permit Mr. Pflum to contact the citizens who served as members of the jury—much less any reasons outweighing the policy considerations in D. Kan. Rule 47.1 and Fed. R. Evid. 606(b). Therefore, the court denies Mr. Pflum's Motion for Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant David G. Pflum's Motion for Order (Doc. 229) is denied.

**IT IS SO ORDERED.**

**Dated this 10th day of July, 2018, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **Unites States District Judge**